NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAR 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHNNY RAY WALLS-BEY, AKA Johnny Procopio, AKA Johnny Ray Walls, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> PHOENIX, CITY OF; et al., <br><br> Defendants-Appellees. | No. 23-15130 <br><br> D.C. No. 2:22-cv-01597-DLR-MTM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Submitted March 27, 2024, 2024[**]
San Francisco, California

Before: FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Johnny Ray Walls-Bey appeals the dismissal of his Second Amended

Complaint ("SAC"). Because Walls-Bey was proceeding in forma pauperis,

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) the district court screened the SAC prior

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to receiving a response from Defendants. The district court dismissed the SAC for failure to state a claim. Walls-Bey timely appealed. We have jurisdiction under 28 U.S.C. § 1291. We affirm.[1]

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (alteration in original) (quotation marks and citation omitted). We review a dismissal for failure to state a claim de novo. *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 (9th Cir. 2021).

Walls-Bey's first claim is against Officer Olmos for malicious prosecution. "One element that must be alleged and proved in a malicious prosecution action is

---

[1] After the district court dismissed Walls-Bey's First Amended Complaint, it allowed him 30 days to file an amended complaint. The court then entered judgment against Walls-Bey after it received no amended complaint within that period. A few days later, the district court received the SAC. Walls-Bey then filed a notice of appeal. The district court subsequently vacated its judgment, construing the SAC as timely because it could not determine when Walls-Bey had mailed it. The district court dismissed the SAC for failure to state a claim—this time without leave to amend—and re-entered judgment against Walls-Bey.

Walls-Bey filed his opening brief in this appeal only eight days after the district court filed its order dismissing his SAC, but he was aware of the district court's order by that time. We therefore consider his claims based on the content of the SAC.

termination of the prior criminal proceeding in favor of the accused." *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). The SAC alleges that Officer Olmos took steps to cause the prosecution of Walls-Bey, but it alleges no facts about the nature of the prosecution or its outcome. The SAC therefore does not state a claim for malicious prosecution.[2]

Walls-Bey's second claim is against the City of Phoenix. The SAC describes the nature of the claim as "false arrest / false imprisonment," but the claim appears instead to be premised on the asserted malicious prosecution initiated by Officer Olmos. The SAC states that "as a result of Defendant Danny Olmos['s]" conduct, the City of Phoenix "prosecute[d] Plaintiff for a crime he did not commit." As with the first claim, the SAC provides no information about the nature or outcome of the prosecution, so it fails to state a claim for malicious prosecution.

The SAC also suggests that the City of Phoenix Municipal Court violates the Equal Protection Clause of the Fourteenth Amendment by purging records after ten years. Attached to the SAC as an exhibit is a letter from the Municipal Court's

---

[2] The SAC states that Officer Olmos detained and arrested Walls-Bey "unlawfully." To the extent that Walls-Bey intends to allege a false arrest claim based on a violation of his Fourth Amendment rights, a conclusory assertion that a stop or arrest was "unlawful[]" is insufficient to state such a claim. *Iqbal*, 556 U.S. at 678 ("[M]ere conclusory statements[] do not suffice."). We need not reach the district court's conclusion that any such claim would be barred by the statute of limitations.

records department explaining that a case apparently brought against Walls-Bey was "[c]oncluded" in 2007 and purged a decade later. Walls-Bey does not explain how this policy (or the purged record) relates to the other conduct alleged in the complaint, which apparently started in 2019. Walls-Bey's vague assertion that the Municipal Court's policy violates the Equal Protection Clause does not state a plausible claim for relief.

The district court did not err in declining to exercise jurisdiction over the remaining state law claims after it concluded that the federal law claims should be dismissed. "A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (quoting 28 U.S.C. § 1367(c)(3)).

Finally, the district court dismissed the SAC without leave to amend because Walls-Bey had "made multiple efforts at crafting a viable complaint and appear[ed] unable to do so despite specific instructions." We review the denial of leave to amend for abuse of discretion. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). District courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). That rule is liberally applied for pro se litigants. *See Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012). Among other reasons, a district court may deny leave to amend

4

due to "repeated failure to cure deficiencies by amendments previously allowed." *Manzarek*, 519 F.3d at 1034 (citation omitted). Here, Walls-Bey has not made any meaningful progress toward stating a claim after two amended complaints. The district court accordingly did not abuse its discretion in denying leave to amend.

**AFFIRMED.**